**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**


**EMMANUEL EBEH,**

    **Plaintiff,**

**v.**               **Case No. 8:09-cv-2628-T-27TBM**

**ST. PAUL TRAVELERS, et al.,**

    **Defendants.**

_____/


**REPORT AND RECOMMENDATION**

   THIS MATTER is before the court for a Report and Recommendation on

**Defendants, Travelers, Charter Oak and Redmond's Motion to Dismiss Plaintiff's**

**Complaint, Motion for Judicial Notice and Incorporated Memorandum of Law** (Doc. 5),

Plaintiff's response in opposition (Doc. 10), and Defendants' reply (Doc. 20).  Because this

court lacks subject matter jurisdiction to consider Plaintiff's claims against St. Paul Travelers,

The Charter Oak Fire Insurance Co., and Pat Redmond on the basis of workers' compensation

immunity, I recommend dismissal as to these Defendants.

            I.

   Plaintiff, a resident of Hillsborough County, has filed a 27-page, 182-paragraph

Complaint suing nine Defendants.[1]  (Doc. 1).  Paragraphs 11 through 17 and 50 through 73 are

_____

   [1]It appears that Plaintiff has pursued his claims only against four of these putative
Defendants.  Of the nine identified in the Complaint, Defendant, Metro Storage LLC, (the so-
called "Fourth Defendant") was voluntarily dismissed by Plaintiff (Docs. 14, 17) and four
others were not served.  Thus, Metro Storage employees Brian Blankenship (the "Fifth

directed against St. Paul Travelers ("Travelers"), The Charter Oak Fire Ins. Co. ("Charter Oak"), and Pat Redmond ("Redmond"), who Plaintiff refers to as the "First", "Second", and "Third" Defendants.  While Plaintiff urges otherwise, it appears that all his claims against these Defendants arise out of an on-the-job-injury he sustained and for which he sought medical treatment at the Lakeside clinic under the worker's compensation policy of insurance through his former employer.  Plaintiff sues Travelers, Charter Oak, and Redmond for intentional infliction of emotional distress, interference with terms of contract based on race pursuant to 42 U.S.C. § 1981, and negligent per se violation of Florida's Deceptive and Unfair Trade Practices Act, § 501.201, et seq., Fla. Stat. (FDUTPA).

Initially, Plaintiff alleges these Defendants have a mailing address in Orlando, Florida. *Id.*, ¶2.  Without identifying or attaching a contract, Plaintiff alleges that Defendants breached a three party contract of which the Plaintiff was a third party beneficiary. *Id.*, ¶12.  As a result of the breach of contract, Plaintiff was deprived of regular entitled income, and as a consequence, he was unable to pay his rent which resulted in his eviction and he was unable to make the rental payment to a storage facility which ultimately resulted in his family's personal property and possessions being destroyed or auctioned. *Id.*, ¶¶14, 15.  He alleges the "Defendants' actions stated was discrimination and breached the contract between the

---

Defendant") and Kim Lively (the "Seventh Defendant"), have not been served, nor has an entity identified as Metro Self-Storage (Subsidiary).  It appears these claims have been abandoned on this suit as Plaintiff has filed a subsequent action against Metro Storage LLC, and Mr. Blankenship. *See Ebeh v. Metro Storage, LLC*, No. 8:10-cv-1117-T-27TBM.  Dr. John Mikos (the "Ninth Defendant"), has not been served.  Thus at present, only St. Paul Travelers, The Charter Oak Fire Ins. Co., Pat Redmond, and Lakeside Occupational Medical Centers, P.A. (Lakeside) are before the court.  The motion to dismiss filed by Lakeside (Doc. 6) will be addressed by separate report and recommendation.

Plaintiff and the Defendants, on the basis of race" and that he "was treated differently than other third party beneficiaries from other races" in violation of federal anti-discrimination law pursuant to 42 U.S.C. § 1981. *Id.*, ¶16. He alleges these actions are also in violation of the FDUTPA. *Id.*, ¶17.

Plaintiff further alleges that the outrageous and intentional conduct of these Defendants caused him severe emotional distress. *Id.*, ¶¶ 50-56. As a result of Defendant's intentional infliction of emotional distress, Plaintiff alleges he was denied income to which he was entitled, his family was evicted, and they consequently became homeless. *Id.*, ¶55. As for the alleged § 1981 violation, he further pleads that he is of the black race and that he sought to enforce his rights as a beneficiary of "a three party contract" under which he was entitled to receive benefits, but Defendants intentionally denied him income to which he was entitled while others outside his protected class were given such benefits. *Id.,* ¶¶ 57-64. As for the negligent violation of the FDUTPA, Plaintiff further alleges "[t]hese unfair and deceptive trade practices specifically refers to: the intentional refusal to honor a three party contract to which [he] was a beneficiary" and that as a consequence, he was deprived of income to which he was entitled and that he and his family suffered severe financial hardship. *Id.,* ¶¶ 65-73.

II.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is a motion challenging the subject matter jurisdiction of the court. Jurisdiction may be attacked facially or factually. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). In a facial challenge, a

3

court assumes the allegations in the complaint are true and determines whether the complaint sufficiently alleges a basis for subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). On the other hand, factual attacks challenge the "existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* In this case, the insurance Defendants are factually attacking Plaintiff's claims by arguing that same are precluded based on the exclusivity of Florida's Workers Compensation laws, and thus subject matter jurisdiction does not exist in this court.

A motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, is a motion attacking the legal sufficiency of a complaint. In deciding such a motion, the court must accept the facts pleaded as true and construe them in a light most favorable to the plaintiff. *Leib v. Hillsborough County Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *Sinaltrainal v. Coca-Cola Co.,* 578 F.3d 1252, 1268 (11th Cir. 2009). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content

4

that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, __ U.S. __, 129 S. Ct. at 1949. A complaint does not state a facially plausible claim for relief if it shows only "a sheer possibility that the defendant acted unlawfully." *Id.* A complaint does not need to contain detailed factual allegations to survive a Rule 12(b)(6) motion, however, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotation marks and citations omitted). In evaluating the sufficiency of a plaintiff's pleadings, the court must make reasonable inferences in Plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, __ U.S. __, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

III.

A.

By their motion to dismiss, Travelers,[2] Charter Oak, and Redmond, request this court take judicial notice of Plaintiff's two prior state court actions against them, including appeals thereof, and request dismissal of Plaintiff's Complaint on the basis of res judicata.[3] According

---

[2]Travelers notes that "St. Paul Travelers" is not the proper corporate name, but rather a former trade name. However, Defendant does not seek dismissal on this ground.

[3]The motion is accompanied by copies of the Third Amended Complaint, Final Order of Dismissal with Prejudice, and Appellate Order affirming dismissal in circuit court case No. 06-005548, as well as copies of the Civil Complaint, Final Order of Dismissal with Prejudice and Striking Claims with Prejudice, and Voluntary Dismissal of appeal from circuit court case No. 08-30350. (Docs. 5-1 through 5-6).

to these Defendants, the dispute with Plaintiff arises out of his dissatisfaction with their handling of his workers' compensation claim and the treatment for his work-related injuries, and that this lawsuit is, in essence, a "rerun" of two prior state court actions initiated by Plaintiff against these same Defendants.  Defendants request the court take judicial notice of the pleadings filed and orders entered in these prior state cases and urge that, upon review, it is readily apparent that the instant action raises identical or nearly identical claims arising from the same nucleus of facts and thus his claims are barred on the basis of res judicata.

As to Plaintiff's state law claim of intentional infliction of emotional distress, these Defendants additionally argue that the conduct alleged does not rise to the level of extreme and outrageous conduct to meet the high threshold in order to state such claim.  Also, Plaintiff's purported Section 1981 action fails to state a cognizable claim in that the Plaintiff must point to some contractual relationship in order to bring a claim whereas Plaintiff's allegations make only vague reference to some unspecified "three party contract" and do not make any showing of a contractual relationship between these Defendants.  Lastly, on Plaintiff's FDUTPA claim, Defendants urge that under Florida law an alleged breach of contract, without more, is insufficient to state a cause of action under this statute.  Further, FDUTPA does not apply to activity regulated under the laws administered by the Department of Insurance, and thus is not applicable to Charter Oak which is an insurance carrier.  *See* (Doc. 5-7).

Plaintiff responds that Defendant's motion raises affirmative defenses, such as res judicata, based upon matters outside the four corners of his Complaint, and thus is not appropriate on a motion to dismiss.  Further, Plaintiff argues that the doctrine of res judicata is

6

not applicable here because the claim before this court is different than claims he brought in other forums and because there was no adjudication on the merits in those other cases. As for his state law claims for intentional infliction of emotional distress and under FDUTPA, Plaintiff asserts he has pled the elements necessary to survive a motion to dismiss. On Plaintiff's federal claim under § 1981, Plaintiff asserts that the determination of whether a contract exists between the parties is an issue of fact not appropriate for determination on a motion to dismiss. (Doc. 10).

B.

On the matter of judicial notice, Fed. R. Evid. 201(f) provides that judicial notice of adjudicative facts may be taken at any stage in a proceeding. This provision is mandatory where requested by a party who then provides the court with the necessary information. Fed. R. Evid. 201(d). A district court may take judicial notice of certain facts without converting a motion to dismiss into a summary judgment motion. *Universal Express, Inc. v. U.S. Sec. & Exch. Comm'n,* No. 04-20481, 2006 WL 1004381, at *2 (11th Cir. April 18, 2006). "Public records are among the permissible facts that a district court may consider." *Id.* Accordingly, I find it appropriate for the court to take judicial notice of the specific state court pleadings referenced and filed with the court (Docs. 5-1 through 5-6), as well as the Charter Oak Fire Insurance Company Certificate of Compliance. (Doc. 5-7).

In pertinent part, the state court pleadings reflect that on May 8, 2007, Plaintiff, Emmanuel Ebeh, served his Third Amended Complaint on Defendants, Travelers, Charter

7

Oak, and Pat Redmond in Circuit Court Case No. 06-005548. *See* (Doc. 5-1).[4] The causes of

action asserted against these three Defendants included fraud, fraudulent misrepresentation,

misrepresentation about benefits, and intentional infliction of emotional distress. *Id.* at 30-37.

On September 12, 2007, Circuit Court Judge Charlene Honeywell entered an Order dismissing

Plaintiff's claims with prejudice, finding that "workers' compensation tort immunity prohibits

and bars all of Plaintiff's purported claims against Defendants." (Doc. 5-2 at 2). Judge

Honeywell's order of dismissal was affirmed by the Second District Court of Appeal on

August 15, 2008. (Doc. 5-3).

On December 29, 2008, Plaintiff filed a Complaint in Circuit Court Case No. 08-CA-

30350, against Defendants, Travelers, Charter Oak, and Redmond, alleging causes of action

for fraudulent misrepresentation; misrepresentation about benefits; negligent

misrepresentation; negligence per se violation of Florida Deceptive and Unfair Trade Practices

Act, Florida Statute 501.201; and interference with terms of contract based on race under 42

U.S.C. § 1981. (Doc. 5-4). On October 30, 2009, Circuit Court Judge Martha Cook entered a

"Final Order of Dismissal With Prejudice and Striking Claims With Prejudice" in that case,

on findings that "workers' compensation tort immunity prohibits and bars Plaintiff's claims

---

[4]The suit also named Plaintiff's former employer and the plant manager and human resources manager of his employer. While the suit purports to be about the intentional misconduct of the defendants and not about Plaintiff's on-the-job injuries, the lengthy factual underpinnings relate to the on-the-job injury to his left foot and his subsequent dealings with his employer, the workers' compensation carriers (St. Paul Travelers and Charter Oak Insurance Company, and their claims representative, Ms. Redmond), and Lakeside where he received some of his medical care. *Id.*

against Defendants." (Doc. 5-5 at 2). Pursuant to a voluntary dismissal, the appeal was dismissed December 15, 2009. (Doc. 5-6).

On December 30, 2009, Plaintiff filed the instant lawsuit alleging causes of action against Travelers, Charter Oak, and Redmond for intentional infliction of emotional distress, interference with terms of contract based on race pursuant to 42 U.S.C. § 1981, and negligent per se violation of the FDUTPA. (Doc. 1 at 10-13). Because these three causes of action were previously raised and dismissed with prejudice in prior state court litigation, Defendants urge the doctrine of res judicata bars Plaintiff's claims against them. While I conclude that the claims are not barred by res judicata, they are subject to dismissal.[5]

Defendants are correct that the same claims asserted against them in this action – intentional infliction of emotional distress, violation of 42 U.S.C. § 1981, and negligent per se violation of the FDUTPA – were raised below in one and/or the other two state court actions. In dismissing the state court actions, the circuit judges found that workers' compensation

---

[5]Under Florida law, res judicata applies when there is "[a] judgment on the merits rendered in a former suit between the same parties, . . . upon the same cause of action, by a court of competent jurisdiction . . . ." *Fla. Dep't of Transp. v. Juliano*, 801 So.2d 101, 105 (Fla. 2001) (quoting *Kimbrell v. Paige*, 448 So.2d 1009, 1012 (Fla. 1984)). Res judicata bars relitigation in a subsequent cause of action of claims raised and claims that could have been raised. *Juliano*, 801 So.2d at 105 (citing *Youngblood v. Taylor*, 89 So.2d 503, 505 (Fla. 1956)). I am not persuaded that Defendants' res judicata argument has merit. The dismissals in the state court lawsuits were on the basis of the exclusivity of the workers' compensation statutes, and therefore a lack of jurisdiction in the circuit courts. Accordingly, there has been no "adjudication on the merits" where those courts lacked jurisdiction to consider Plaintiff's claims based on his work-related injuries. *See N. Ga. Elec. Membership Corp. v. City of Calhoun,* 989 F.2d 429, 433 (11th Cir. 1993) (dismissal of complaint for lack of jurisdiction does not operate as an adjudication on the merits). However, this court is duty bound to consider its own jurisdiction over these same claims, and in any event, principles of collateral estoppel appear to bar the claims.

immunity prohibited and barred all of Plaintiff's purported claims against Travelers, Charter

Oak, and Redmond.  That immunity extends to the re-stated claims in this court.

Under Florida law, the Workers' Compensation Act is the exclusive remedy for

claims by an injured worker against a workers' compensation insurance carrier.  *See Fla. Stat.*

§§ 440.11(1), (4) (liability of an employer and an employer's workers' compensation carrier

under the act "shall be exclusive and in place of all other liability").  Further, workman's

compensation liability extends to employee's injuries and aggravation of injuries arising from

medical treatment, or lack thereof, rendered incidental to the original work-related injury.  *See*

*Sullivan v. Liberty Mut. Ins. Co.*, 367 So.2d 658, 660 (Fla. Dist. Ct. App. 1979).  The Eleventh

Circuit recognizes that, in Florida, a court is without jurisdiction over an employee's claims

against the employer's compensation carrier for additional damages for injuries covered by the

Act.  *Connolly v. Md. Cas. Co.*, 849 F.2d 525526 (11th Cir. 1988) (citing *Old Republic Ins.*

*Co. v. Whitworth*, 442 So. 2d 1078, 1079 (Fla. Dist. Ct. App. 1983)); *see also Rance v. D.R.*

*Horton, Inc.*, No. 09-15224, 2010 WL 3195722 (11th Cir. Aug. 13, 2010).

The opinion in *Connolly* is highly instructive.  There, the Plaintiff filed a lawsuit

alleging tortious breach of contract, fraud, deceit, intentional infliction of emotional distress,

civil rights violations under 42 U.S.C. § 1985, and declaratory relief, arising out of the alleged

mishandling and intentional mistreatment of an insured by the employer's workers'

compensation carrier.  The facts were egregious.  Connolly fell from a roof where he was

working and was rendered a quadriplegic.  The defendant, Maryland Casualty Company was

the workers' compensation insurance carrier upon whom Connolly was totally dependent for

financial support and medical care.  "Maryland allegedly embarked upon a plan to make life

10

so miserable for Connolly and his wife, . . ., that he would settle or 'wash-out' his workers' compensation claim to rid himself and his family from the defendant's wrongful conduct." *Connolly*, 849 F. 2d at 526.  By the court's account, the insurer intentionally inflicted emotional distress on the plaintiffs, sending representatives to their home to coerce them into fully settling Mr. Connolly's claim.  Notwithstanding the insurance carrier's conduct, the court held that, "a compensation claimant cannot avoid the exclusivity of the Act and transform a delay in payments into an actionable tort cognizable in the Circuit Court simply by calling that delay outrageous, fraudulent, deceitful, or an intentional infliction of emotional distress."  *Id.* at 526 (quoting *Old Republic Ins. Co.,* 442 So. 2d at 1079).[6]  In affirming dismissal of the plaintiff's claims for lack of subject matter jurisdiction on the basis that the exclusive remedy is found in the Florida Workers' Compensation Act, Ch. 440, Fla. Stat., the court went on to note, "there is no constitutional base for [plaintiffs'] cause of action.  The civil rights claims and constitutional claims are all based on the right provided by Florida Compensation Law.  Were it not for the alleged conduct required of defendant by Florida law, there would be no ground for asserting civil rights or constitutional claims because of wrongful conduct.  The remedy for that wrongful conduct cannot rise above the exclusive remedy provided by the Florida statutes."  *Connolly*, 849 F. 2d at 528.

In a recent decision, this Circuit reaffirmed its position in *Connolly*, stating "that where Florida courts would refuse to exercise jurisdiction over an employee's work-related

---

[6]*Old Republic Insurance Co.* stands for the proposition that the exclusivity of the Workers' Compensation Act applies to a compensation carrier as well as the employer.  442 So. 2d at 1078.

claims, a district court lacks subject matter 'jurisdiction to consider . . . claims for additional damages over and above the relief that can be obtained' in the state workers' compensation proceedings." *Rance*, 2010 WL 3195722, at *1 (quoting *Connolly*, 849 F.2d at 526-28).  The *Rance* court noted that where an employee alleges an independent intentional tort causing harm subsequent to and distinct from the workplace injury, then the employee may be able to assert his claims in Florida's circuit courts.  *Rance*, 2010 WL 3195722, at *1.  However, the court went on to explain that in that case, despite plaintiff's characterization of his claims as fraud, conspiracy, civil theft, and conversion, the claims nevertheless all arose from his basic contention that he was injured on the job and that he alleges the workers' compensation carrier did not compensate him properly for those injuries.  *Id.* at *2.  Similarly, while Plaintiff avoids any allegations related to worker's compensation and couches his allegations in terms of intentional conduct and a civil rights violation, the gravamen of Plaintiff's complaint is that he was a beneficiary under a "three party contract" and  the Defendants "deprived him of a regular entitled income which caused the Plaintiff to be unable to pay his bills and support his family."  (Doc. 1, ¶13).  Thus, despite Plaintiff's characterization of his claims, his various causes of action arise from his work-related injury, and the exclusive remedy for addressing such claims is found in the Florida Workers' Compensation Act, Ch. 440, Fla. Stat.[7]  As the

---

[7]I am cognizant of those cases in which a plaintiff may allege conduct on behalf of an insurance carrier that rises to the level tantamount to intentional tortious conduct such that a carrier is precluded from prevailing on the basis of statutory immunity under the Worker's Compensation Law.  *See e.g., Anguilera v. Inservices, Inc.* 905 So.2d 84 (Fla. 2005); *see also* § 440.11(1)(b).  This is not the case here.

state courts concluded they lacked jurisdiction to consider Plaintiff's work-related claims, so too must this court dismiss Plaintiff's claims for lack of subject matter jurisdiction.[8]

C.

Should the court disagree that worker's compensation immunity bars all Plaintiff's alleged claims against these Defendants, dismissal is still appropriate as to each count under Rule 12(b)(6). At the outset, Plaintiff's allegations lump these three Defendants together as if a single entity. The Complaint is devoid of specific allegations of the conduct of any of them which possibly might render them liable on any of these claims. In any event, the allegations are inadequate to state the claims asserted.

Plaintiff's allegations are legally insufficient to state a claim for intentional infliction of emotional distress against any of these Defendants. Under Florida law, "the elements of the tort of intentional infliction of emotional distress are: (1) The wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result; (2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community; (3) the conduct caused emotion[al] distress; and (4) the emotional

---

[8]To the extent that Plaintiff attempts to argue that any such jurisdictional argument is premature, such argument fails, as a district court shall review *sua sponte* at the earliest possible stage in the proceeding whether it possesses subject matter jurisdiction over an action before it. *See, e.g., Univ. of S. Ala. v. Amer. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In any event, principles of collateral estoppel bar this court from relitigating the immunity issue. *See Jones v. Law Firm of Hill and Ponton*, 141 F. Supp. 2d 1349, 1356 (M.D. Fla. 2001) ("Collateral estoppel precludes a plaintiff from relitigating the same jurisdictional question after the first suit was dismissed for lack of [] jurisdiction– even though dismissal did not adjudicate the merits of the case.")

13

distress was severe." *Gallogly v. Rodriguez*, 970 So.2d 470, 471 (Fla. Dist. Ct. App. 2007)

(citing *LaGrande v. Emmanuel*, 889 So.2d 991, 994-95 (Fla. Dist. Ct. App. 2004).  The Fifth

District Court of Appeal has articulated the extremely high threshold for the tort of intentional

infliction of emotional distress as follows:

> It is not enough that the intent is tortious and criminal; it is not enough that the
> defendant intended to inflict emotional distress; and it is not enough if the conduct
> was characterized by malice or aggravation which would entitle the plaintiff to
> punitive damages for another tort.

*State Farm Mut. Auto Ins. Co. v. Novotony*, 657 So.2d 1210, 1213 (Fla. Dist. Ct. App. 1995).

And the Restatement of Torts defines the requisite extreme and outrageous conduct as that in

which "the conduct has been so outrageous in character, and so extreme in degree, as to go

beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable

in a civilized community." RESTATEMENT (SECOND) OF TORTS §46 cmt. d (1965).

I agree with the Defendants that while Plaintiff here utilizes the "buzz" words,

alleging that Defendants' breach of contract was intentional, reckless, and beyond all bounds

of decency (Doc. 1, ¶¶52-53), Plaintiff simply fails to plead any ultimate facts, as opposed to a

formulaic recitation of the elements, in order to state a cause of action for intentional infliction

of emotional distress.  *See Iqbal*, __ U.S. __, 129 S. Ct. at 1949; *Twombley*, 550 U.S. at 555.

The claim is inadequately pled and should be dismissed.

As for Plaintiff's claim for negligent per se violation of the FDUTPA, I find the

allegations wholly inadequate to state a claim for relief.  FDUTPA provides for a civil cause

of action for "[u]nfair methods of competition, unconscionable acts or practices, and unfair or

deceptive acts or practices in the conduct of any trade or commerce." § 501.204(1), *Fla. Stat.*

14

(2005).  In order to state a claim under FDUTPA, a plaintiff must establish three elements:

"(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages."  *Rollins, Inc. v.*

*Butland*, 951 So.2d 860, 869 (Fla. Dist. Ct. App. 2006), *rev. denied.*, 962 So.2d 335 (Fla.

2007).  A practice is considered unfair when it "offends established public policy and when

the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to

consumers . . . ."  *MJS Music Publ'ns, LLC v. Hal Leonard Corp.*, No. 8:06-cv-488-T-30EAJ,

2006 WL 1208015, at *2 (M.D. Fla. May 4, 2006) (quoting *Day v. Le-Jo Enters.*, 521 So.2d

175, 178 (Fla. Dist. Ct. App. DCA 1988)).  Plaintiff alleges that Defendants engaged in

specific, unfair, deceptive, intentional, and reckless trade practices by its "intentional refusal

to honor a three party contract to which the Plaintiff was a third party beneficiary."  (Doc. 1,

¶¶66-67).  As a result of Defendants' conduct, Plaintiff alleges he suffered "severe financial

harm" in that he was deprived of entitled income, his family was evicted and became

homeless, and the resulting financial hardship caused his family to lose all their personal

possessions and property.  (Doc. 1, ¶¶ 67, 71).  Plaintiff again recites a laundry list of

adjectives to describe Defendants' conduct without pleading any ultimate facts to identify a

genuine deceptive and unfair trade practice.  A breach of contract, without allegations of

deceptive or unfair acts, does not give rise to a claim under FDUTPA.  *See PNR, Inc. v.*

*Beacon Prop. Mgmt., Inc.*, 842 So.2d 773, 777 n.2 (Fla. 2003) (FDUTPA only reaches

conduct that is unfair or deceptive).  Plaintiff's Complaint falls far short of alleging conduct

by these Defendants which could be deemed immoral, unethical, oppressive, or unscrupulous.

Thus, I am obliged to conclude that Plaintiff's Complaint fails to state a claim under

FDUTPA.

Notwithstanding Plaintiff's inadequate pleading, an exemption under the FDUTPA arguably applies to bar any action under the Act against these Defendants.  In pertinent part, FDUTPA provides that it "does not apply to: . . . (4) Any person or activity regulated under laws administered by: (a) The Office of Insurance Regulation of the Financial Services Commission . . .; or (d) . . . the former Department of Insurance which are now administered by the Department of Financial Services."  *Fla. Stat.* §§ 501.212(4)(a),(d).  Plaintiff does not allege that the "three party contract" which Defendants "refused to honor" was one for workers' compensation insurance, however, his allegations in the state court pleadings, of which the court takes judicial notice, identifies Travelers and Charter Oak as the insurance carrier for his former employer (Doc. 5-1, ¶20); and Pat Redmond as a "Claims Representative for St. Paul Travelers/The Charter Oak Ins. Co."  (*Id.*, ¶25).  On this motion, only Charter Oak, as an insurance carrier regulated under the laws administered by the former Department of Insurance and now administered by the Department of Financial Services, raises this exemption.  (Doc. 5-7).  By my consideration, § 501.212(4)(d) would bar any claim under FDUTPA against Charter Oak.[9]

Finally, as to Plaintiff's claim under 42 U.S.C. § 1981, he again fails to sufficiently plead a claim for relief against these Defendants.  In order to state a claim under § 1981,

---

[9]As for Travelers and Redmond, the paucity of pleadings makes it unclear whether they may be sued for a FDUTPA violation or are exempt from the same.  Although not argued here, the exemption conceivably may reach the claim representative, Ms. Redmond.  As for Travelers, it is unclear from the pleadings what role, if any, it played in this matter and thus whether it is appropriately sued at all.  While I have doubts that Plaintiff can state a claim under FDUTPA against either of these Defendants, if he wishes to pursue the matter further, he should specifically address this matter in his objections to the report and recommendation and demonstrate a factual and legal basis for such claim.

Plaintiff must establish "(1) that [he] is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute."[10] *Kinnon v. Arcoub, Gopman & Assoc., Inc.*, 490 F.3d 886, 891 (11th Cir. 2007). Thus, in pleading his action under § 1981, Plaintiff "must identify an impaired contractual relationship . . . under which [he] has rights." *Id.* at 890.

Here, Plaintiff alleges that he is a black man, that "Defendants intentionally breached a three party contract to which the Plaintiff was a third party beneficiary but they honored the exact same third party contract with third party beneficiaries who were from races other than the Plaintiff (sic)," and that he was denied benefits and income to which he was entitled. (Doc. 1, ¶¶58-61). Ostensibly, the contract is one related to the provision of workers' compensation benefits, but Plaintiff avoids such allegation and this "three party contract" is not attached. Neither are the contractual benefits of which he was deprived, apart from "entitled income," identified with any specificity nor is the improper deprivation identified beyond the boilerplate language. Furthermore, I find the unsupported assertion that

---

[10]Section 1981 provides in pertinent part as follows:
(a) Statement of equal rights
All persons within the jurisdiction of the United States shall have the same right in every State and territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, . . . .
(b) "Make and enforce contracts" defined
For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
(c) Protection against impairment
The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.
42 U.S.C. § 1981, as amended.

17

Defendants honored the contract with persons of other races insufficient to state a claim. Apart from this bald assertion, there is no demonstration of a discriminatory animus in connection with the making or enforcing of a contract.  Plaintiff again fails to plead any ultimate facts, as opposed to a formulaic recitation of the elements, in order to state a cause of action.  *See Iqbal,* __ U.S. __, 129 S. Ct. at 1949; *Twombley*, 550 U.S. at 555.  The claim should also be dismissed.

While I find it unlikely that Plaintiff can in fact adequately plead a claim for intentional infliction of emotional distress or a § 1981 violation in this matter against these three Defendants, any dismissal under Rule 12(b)(6) should be without prejudice.  The FDUTPA claim is likewise subject to dismissal without prejudice under Rule 12(b)(6).  However, it also appears correct that the FDUTPA claim may not be brought against an insurer such as Charter Oak; thus I recommend dismissal of that claim be with prejudice.  As for the FDUTPA claims against Travelers and Ms. Redmond, dismissal should likewise be with prejudice unless Plaintiff further demonstrates a basis for such claims under Florida law.

IV.

Accordingly, it is recommended that Defendants, Travelers, Charter Oak and Redmond's Motion to Dismiss Plaintiff's Complaint, Motion for Judicial Notice and Incorporated Memorandum of Law (Doc. 5) be **GRANTED**.

Respectfully submitted on this
6th day of October 2010.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

18

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations

contained in this report within fourteen (14) days from the date of its service shall bar an

aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a

district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R.

Civ. P. 6; M.D. Fla. R. 4.20.


Copies to:
The Honorable James D. Whittemore, United States District Judge
Counsel of Record
*Pro se* Plaintiff