UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EMMANUEL EBEH,

          Plaintiff,

v.                                                   CASE NO. 8:09-CV-2628-T-27-TBM

ST. PAUL TRAVELERS, et al.,

          Defendants.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation submitted by the Magistrate Judge recommending that Defendants St. Paul Travelers, Charter Oak Fire Insurance Company, and Pat Redmond's Motion to Dismiss Plaintiff's Complaint and Motion for Judicial Notice (Dkt. 5) be granted (Dkt. 26). Both sides have filed objections to the Report and Recommendation (Dkts. 27, 28).

After careful consideration of Report and Recommendation and the parties' objections, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects.

Preferring a dismissal "with prejudice," Defendants object to the Magistrate Judge's conclusion that Plaintiff's claim should be dismissed for lack of subject matter jurisdiction. The Court agrees with the Magistrate Judge. First, Florida's circuit courts lack subject matter jurisdiction over an action against a compensation carrier for injuries covered by the Florida Workers' Compensation Act. *Sanders v. City Of Orlando*, 997 So. 2d 1089, 1093 (Fla. 2008). The orders dismissing Plaintiff's two previous state-court lawsuits did not operate as an adjudication of the

merits of Plaintiff's claims, notwithstanding that the state court denominated the orders as dismissals "with prejudice." Even if erroneous,[1] the state court's use of the phrase "with prejudice" does not require a different result. Substance controls, and the state court dismissal orders expressly state that the ground for dismissal was tort immunity under Florida's workers' compensation law,[2] *i.e.*, a jurisdictional defect. As the state court orders did not adjudicate Plaintiff's underlying claims but merely enforced a state-law jurisdictional bar, Defendants' contention that the claims are barred by *res judicata* (in other words, are entitled to *claim*-preclusive effect) under Florida law is mistaken. *See Hicks v. Hoagland* 953 So. 2d 695, 698 (Fla. 5th DCA 2007) ("[T]he doctrine of res judicata does not apply where there was no adjudication on the merits in the first suit.") (citing *State St. Bank & Trust Co. v. Badra,* 765 So. 2d 251, 253 (Fla. 4th DCA 2000)).[3]

Second, as the Magistrate Judge noted, "[a]lthough the dismissal of a complaint for lack of jurisdiction does not adjudicate the merits so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command

---

[1] *See Miami Super Cold Co. v. Giffin Indus., Inc.*, 178 So. 2d 604, 605 (Fla. 3d DCA 1965) ("Although the dismissal of a complaint . . . for want of jurisdiction is not an adjudication on the merits . . . it is proper to designate such a dismissal as being with prejudice, in order to preclude it from being refiled in that cause where there is a want of jurisdiction. But 'with prejudice', as so used in such order of dismissal, does not operate to bar the filing of suit thereon in a separate cause or court having jurisdiction."). *But see* Fla. R. Civ. P. 1.420(a)(1) (indicating that a dismissal "without prejudice" is the opposite of "an adjudication on the merits.").

[2] *See Ebeh v. MMI Inc., et al.*, No. 06-5548 Div. B (Fla. Cir. Ct. Hillsborough Cty. Sept. 12, 2007), slip op. ¶ 3 (Dkt. 5-2 ¶ 3) (dismissing Plaintiff's claims "with prejudice" on the ground that "workers' compensation tort immunity prohibits and bars all of Plaintiff's purported claims against Defendants, Travelers, Charter Oak, and Redmond, including the purported claims for Intentional Infliction of Emotional Distress, Fraud, Fraudulent Misrepresentation and Misrepresentation about Benefits . . . ."), *aff'd*, No. 2D07-4417 (Fla. 2d DCA Aug. 18, 2008) (Dkt. 5-3); *Ebeh v. St. Paul Travelers, et al.*, No. 08-CA-30350 Div. B (Fla. Cir. Ct. Hillsborough Cty. Oct. 30, 2009), slip op. ¶ 6 (Dkt. 5-5 ¶ 6) (dismissing Plaintiff's claims "with prejudice" on the ground that "workers' compensation tort immunity prohibits and bars Plaintiff's claims against Defendants."), *appeal dismissed*, No. 2D09-5242 (Fla. 2d DCA Dec. 15, 2009) (Dkt. 5-6).

[3] Pursuant to the full faith and credit statute, 28 U.S.C. § 1738, the preclusive effect of a Florida state court judgment is determined by Florida law. *See Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1331 (11th Cir. 2010).

a second consideration of the same jurisdictional claims." *North Georgia Elec. Membership Corp. v. City of Calhoun, Ga.*, 989 F.2d 429, 433 (11th Cir. 1993) (citation and internal quotation marks omitted). Accordingly, notwithstanding Plaintiff's attempts to recharacterize his claims, the final orders in Plaintiff's two previous lawsuits conclusively determined the question of the Florida courts' jurisdiction over Plaintiff's work-related claims.

Third, that determination concludes the question of this Court's subject matter jurisdiction. *See Connolly v. Maryland Cas. Co.*, 849 F.2d 525, 526-28 (11th Cir. 1988); *Rance v. D.R. Horton, Inc.*, No. 09-15224, 2010 WL 3195722, at *1 (11th Cir. Aug. 3, 2010) ("[W]here Florida courts would refuse to exercise jurisdiction over an employee's work-related claims, a district court lacks subject matter 'jurisdiction to consider . . . claims for additional damages over and above the relief that can be obtained' in the state workers' compensation proceedings.") (quoting *Connolly*, 849 F.2d at 526-28).[4] Furthermore, the Court agrees with the Magistrate Judge that, even to the extent Plaintiff is not directly precluded by the state-court judgments from litigating his claims here, the Court lacks subject matter jurisdiction under *Connolly* because the claims arose from his work-related injury and do not fit within the intentional tort exception to the carriers' statutory immunity. *See Aguilera v. Inservices, Inc.* 905 So. 2d 84 (Fla. 2005).

In sum, under controlling Eleventh Circuit precedent, this Court lacks subject matter jurisdiction over Plaintiff's claims. Accordingly, although they would otherwise be subject to dismissal under Fed. R. Civ. P. 12(b)(6) for the reasons stated in the Magistrate Judge's report, the

---

[4] *But see Begay v. Kerr-McGee Corp.*, 682 F.2d 1311, 1315 (9th Cir. 1982) ( "[S]tate law may not control or limit the diversity jurisdiction of the federal courts. The district court's diversity jurisdiction is a creature of federal law under Article III and 28 U.S.C. s 1332(a). Pursuant to the supremacy clause, section 1332(a) preempts any contrary state law."); *Beach v. Owens-Corning Fiberglas Corp.*, 728 F.2d 407, 409 (7th Cir. 1984) (district court had subject matter jurisdiction to entertain workers' compensation suit but should have dismissed it pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim).

Court cannot dismiss the claims on the merits.

Accordingly, it is **ORDERED**:

1) The Report and Recommendation (Dkt. 26) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2) Defendants St. Paul Travelers, Charter Oak Fire Insurance Company, and Pat Redmond's Motion to Dismiss Plaintiff's Complaint and Motion for Judicial Notice (Dkt. 5) is **GRANTED** in part.

3) Plaintiff's claims against Defendants St. Paul Travelers, Charter Oak Fire Insurance Company, and Pat Redmond are **DISMISSED** for lack of subject matter jurisdiction.

**DONE AND ORDERED** in chambers on this 6th day of January, 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record; *pro se* Plaintiff